UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DAVID BUZZ FREE,                                    Case No.: 1:12-CV-00601-AC

                              Plaintiff,                OPINION AND ORDER

            v.

COMMISSIONER of Social Security,

                              Defendant.

ACOSTA, Magistrate Judge:

Claimant David Buzz Free ("Free") moves for attorney fees pursuant to 42 U.S.C. § 406(b),

which permits a court to award attorney fees to the attorney of a successful Social Security claimant,

so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent

of the total of the past-due benefits to which the claimant is entitled…." 42 U.S.C. § 496(b)(1)(A).

Although Free is the claimant in this case, the real party in interest to this motion is his attorney

Arthur W. Stevens III ("Stevens"). The Commissioner does not oppose the motion, but merely acts

in a manner similar to a "trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798

(2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Stevens is entitled to seventy percent of fees under section 406(b) which amount to $13,634.95.

*Procedural Background*

Free filed for Disability Insurance Benefits ("DIB") and Social Security Income Benefits ("SSI") on November 14, 2007, alleging a disability onset date of January 5, 2006, from scoliosis, degenerative disc disease, and heart diseases.   The claim was denied initially and upon reconsideration.  An Administrative Law Judge held a hearing on November 10, 2009, and issued a decision on November 20, 2009, finding Free not disabled. Free requested review of this decision on January 15, 2010. The Appeals Council denied this request, making the ALJ's decision the Commissioner's final decision. Free filed for review of the final decision in this court on April 5, 2012.

Free, challenged the ALJ's ruling on five grounds: (1) improperly rejecting of the treating physicians' opinion; (2) substituting his own opinion for that of a treating physician; (3) rejecting Free's testimony as not credible; (4) failing to consider the record as a whole; and (5) giving the vocational expert incomplete hypotheticals and relying selectively on the vocational expert's testimony.  The Commissioner opposed these challenges and contended that the ALJ's decision should be affirmed.

The court found that the ALJ failed to justify the rejection of the treating physician's opinion, erroneously rejected Frees' credibility, and mischaracterized Frees' limitations. Accordingly, the court reversed the Commissioner's decision and remanded for an award of benefits.

*Discussion*

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 n.17 (2002)). A fee award under section 406(b) is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan,* 2009 WL 6067058, at *7.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. On November 19, 2008, Free and Stevens executed a contingent-fee agreement providing that if it became necessary to appeal Free's case to federal court and Stevens obtained payment, Free would pay Stevens either twenty-five percent of Free's past-due benefits or whatever amount Stevens was able to obtain under the Equal Access to Justice Act ("EAJA"), whichever was greater. In the motion for attorney fees, Stevens requests the court award $19,478.50, which is twenty-five percent of Free's past-due benefits award. Stevens previously received a $4,666.49 attorney fee award under the EAJA, which will offset part of the $19,478.50 award if the court rules in his favor. Thus, Stevens requests a total award of $14,812.01.

II.  Reasonableness Factors

An award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided by statute, the other *Gisbrecht* factors and the trial courts' assigned task of "making reasonableness determination in a wide variety of contexts" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (internal quotation marks omitted).

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807.  The court must ensure a disabled claimant is protected from surrendering the retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*: (1) the character of the representation, specifically, whether the representation was substandard, (2) the results the representative achieved, (3) any delay attributable to the attorney seeking the fee, and (4) whether the benefits obtained were "not in proportion to the time spent on the case and raise the specter that the attorney would receive an unwarranted windfall." *Crawford*, 586 F.3d at 1151-53 (citations omitted).

In *Crawford*, the Ninth Circuit identified the risk inherent in representation on a contingency basis as an appropriate factor to consider in determining a section 406(b) award. The court focused the risk inquiry, however, stating "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested section 406(b) fee based solely on the character of Stevens' representation.

### B. Results Achieved

The court may properly reduce the fee for substandard performance. *Id.* at 1151. Here, the court ordered a remand for an award of benefits. Stevens successfully argued for reversal on several grounds and achieved the ideal result for his client. Thus, the court finds no reason for reducing Steven's award due to the results achieved.

### C. Undue Delays

A court may reduce a section 406(b) award for undue delay in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Free's opening brief was originally due in this case on October 19, 2012. Due to a busy calendar, Stevens moved for an eight-week extension, which the court granted. Stevens filed Free's opening brief on December 14, 2012. This extension effectively delayed Free's case for approximately two months and increased his past-due benefits by $1,892.00.

There is no evidence, however, that the request for an extension was for the purpose of delaying proceedings in order to accrue additional benefits. As the court noted in *Pennington v. Comm'r*, CV 07-1816-ST, 2010 WL 3491522, at *7-8 (D. Or. July 29, 2010): "The 'excessive delay doctrine' has its roots in earlier cases denying 25% fee requests in social security cases where several years passed between the completion of briefing and the rendering of judgment by the district court." As the court there noted, the "type and magnitude of delay at issue" in the cases giving rise to the excessive delay doctrine is not present in this case. *Id.*; *see also Clester v. Comm'r*, Civil No. 09-765-ST, 2011 WL 344036, at *7-8 (D. Or. Jan. 7, 2011) ("Clester's attorney sought only two unopposed requests for extensions of time of 30 days each to file each brief, for a total of 60 days. These extensions of time are quite reasonable and do not suggest any intent to unnecessarily delay the proceedings in order to maximize the attorney's fee award. Thus, no deduction for delay is warranted."). Because the total delay was only eight weeks and did not materially increase the amount of past-due benefits, the court finds that this factor weighs neither for nor against reducing Stevens's fee.

### D. Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). In *Gisbrect*, the Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Stevens requests a total of $19,478.50 for a total of 25.2 hours of work associated with litigating this case before the district court. A review of the administrative record and pleadings filed in this case reveals a lengthy and complex medical record involving numerous medical practitioners. Stevens argues that such a fee is reasonable, given that, as of 2012, the average hourly rate charged by Southern Oregon attorneys with 21-30 years of practice was $231.00 per hour. Stevens additionally notes that he practices all over the state of Oregon where the rate averages out to $267.00 per hour.

Stevens urges the court to accept the full request because of the inherent risk involved in adjudicating a social security administrative appeal. To that end, Stevens suggests the court apply a contingency multiplier of 3.37 to account for the average risk of nonpayment in Social Security Disability appeals. However, rather than enhancing social security attorney fee awards automatically based on the average risk involved in taking on social security benefits appeals, *Crawford* instructs the court to consider "the specific facts that make a given case more or less risky to the firm." 586 F.3d at 1152. The burden is on the attorney to "[s]how that the fee is reasonable based on the facts of the particular case."

The court disagrees with Stevens's characterization of the facts of this case. As Judge Mosman observed in *Harlan v. Commissioner*, 497 F. Supp. 2d 12 14, 1215-1216 (D. Or. 2007), "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." The Sixth Circuit's view is that full fee award of 25% of past due benefits should be the exception and should not routinely translate to an award of the statutory maximum contingent fee. *Rodriguez v. Bowen*, 865 F.2d 739, 746-747 (6th Cir. 1989). While the record contains medical facts, this is a common

component in social security cases and does not require "specialized attorney representation," as Stevens contests. Here, the record does not justify a high contingent fee award, and Stevens fails to meet his burden of proving that Free's case was inherently risky. Further, Stevens spent 25.2 hours on this case which, under Judge Mosman's formulation in *Harlan,* is on the low-end of average. While he doesn't specifically state whether or not spending 25 hours on a Social Security case is routine, he does note that," an attorney's time investment in a federal case can be 40 hours or more, which equates to an entire week where the attorney did nothing but work on one case. (Mem. in Supp. of Pl.'s Mot. for Approval of Att'y Fees Pursuant to 42 U.S.C. §406(b)). Consistent with that view, this court will award a moderate attorney fee as the appropriate compensation based on the *Crawford* factors.

In this case, the court concludes that Stevens's § 406(b) fee request should be reduced to seventy percent of the total requested for an amount equaling $13,634.95. This reduction accounts primarily for the fact that this case presented an average amount of risk and Stevens invested an average amount of time in the case but also accounts for the fact that Stevens obtained the best possible outcome for his client, an immediate award of benefits. The court's fee award here results in an hourly rate of $541.06, a per hour rate more than double the $267.00 average hourly rate, cited by Stevens, for an attorney from the State of Oregon who has between 21-30 years of practice. Therefore, the court concludes that since the degree of risk was typical and Stevens did not spend an exceptional amount of time on the case, the attorney fee should reflect the amount of effort needed to resolve the case.

*Conclusion*

Based on the foregoing analysis, Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is GRANTED in part and DENIED in part. Mr. Stevens is entitled to a § 406(b) award of $13,634.95 which, when reduced by Stevens's $4,666.49 EAJA award, yields a net fee of $8,968.46.

IT IS SO ORDERED

Dated this 11th day of April, 2014

JOHN V. ACOSTA
United States Magistrate Judge

{RBJ}